**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Frank G. Long (SBN 012245); LongF@gtlaw.com
Katherine V. Brown (SBN 026546); BrownKa@gtlaw.com
*Attorneys for Plaintiff BBK Tobacco & Foods, LLP,*
 *d/b/a HBI International*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, <br><br> Plaintiff, <br><br> vs. <br><br> Vapour Ltd, a Seychelles business entity; OTC Productions, Inc., a Seychelles business entity; 1673030 Alberta, Inc., a Canadian business entity; Nikki's Vapor Bar, USA, Inc., a Delaware Corporation; Best Product Technology Ltd., a Seychelles business entity; Doe Corporations XX through ZZ; and Doe Individuals 1 through 10, <br><br> Defendants. | Case No. 2:13-cv-00070-GMS <br><br><br> **PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(2) AND, IN THE ALTERNATIVE, RULE 12(B)(3)** |

Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("Plaintiff") filed its Response In Opposition to Motion to Dismiss Pursuant to FRCP 12(b)(2) and, in the Alternative, Rule 12(b)(2) on November 18, 2013 (Dkt. No. 59) (the "Response) in response to a Motion to Dismiss filed by Defendant Nikki's Vapor Bar, USA, Inc. ("Nikki's Motion"). Plaintiff now hereby respectfully requests the Court consider this Supplemental Response and review the evidence, discovered since the filing of the Response, that further supports this Court's exercise of personal jurisdiction over the Defendant Nikki's Vapor Bar, USA, Inc. ("Defendant"). Defendant has consented to the filing of this Supplemental Response and the parties have sought permission from the

Court for this filing along with an extension of time for Defendant to file its Reply in Support of the Nikki's Motion (*see* Dkt. No. 63).

## **BACKGROUND**

In preparing a response to Defendant 1673030 Alberta, Inc.'s Motion to Dismiss Pursuant to FRCP Rules 12(b)(2) and 12(b)(5) and, in the Alternative, Rule 12(b)(3) (the "Alberta Motion"), Plaintiff uncovered facts that are relevant to its Response to Nikki's Motion and is further evidence that the Court may exercise personal jurisdiction of Defendant Nikki's Vapor Bar, USA, Inc. ("Defendant") in Arizona. Specifically, Plaintiff discovered that Defendant is selling the infringing products to Arizona.

Plaintiff discovered Defendant's sale of the infringing product in Arizona when the Arizona-based Managing Member of the limited liability company that is the General Partner of Plaintiff placed an order for the infringing product, offered for sale on a website with the domain name www.juicyejuice.com. *See* Declaration of Joshua Kesselman attached as **Appendix A** ("Kesselmann Suppl. Declaration") at ¶ 5. The www.juicyejuice.com domain name for www.juicyejuice.com is registered by co-Defendant Vapour Ltd ("Vapour"), s*ee* Second Amended Complaint (Dkt No. 32) at ¶ 101, and provides access to a website operated by Co-Defendant 1673030 Alberta, Inc. ("Alberta') as the retail and ecommerce platform for the sale of e-liquid and e-sticks. *Id.* at ¶¶ 110-113.

The purchase order for the infringing product was charged to a seller named "Nikki's Liquid" and shipped from a mailing address that is the same as the address for Defendant.  Plaintiff received an e-mail communication that informed the Plaintiff that the credit card charge for the infringing product would identify the seller as "Nikki's Liquid."  Kesselmann Suppl. Declaration at ¶¶ 7-14. Thereafter, Plaintiff received the infringing product in a package delivered to Plaintiff at its Arizona office and bearing a return address that identified the sender as "Juicy" with the street address of 1781 Independence Boulevard in Saratoga, Florida. *Id. at* ¶¶ 16-19.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

This is the same address listed on promotional email solicitations Plaintiff received from sales@estick.com, solicitations previously discussed in the Response. *Id. at ¶¶* 21-23. These solicitations identified the sender as Nikki's Vapor Bar at 1781 Independence Boulevard in Saratoga, Florida, the same address that was listed on the mailing envelope sent to Arizona, which contained the product ordered by Plaintiff. *Id. at ¶¶* 21-23.

Additional details about the purchase of the product and the corresponding communications are included in the Kesselman Suppl. Declaration.

## LEGAL ARGUMENT

The newly discovered facts disclose that Defendant, along with co-Defendants Vapour and Alberta, is involved in the sale, fulfillment and shipment of the infringing products in Arizona.  Therefore, these facts, along with the other facts in the record, confirm that this Court has an ample factual foundation for exercising personal jurisdiction over Defendant in this case.[1]

As noted in the Plaintiff's Response, specific personal jurisdiction in trademark infringement matters is evaluated under the purposeful direction test using the three-part test from *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998) (analyzing trademark dilution claims under the effects test).[2]  That test looks to whether the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)  (discussing the "effects test"). The newly discovered evidence provides additional, even dispositive, evidence

---

[1] The evident involvement of Defendant in the sale of the infringing products through a co-Defendant's website suggest either that Defendant parsed its words carefully, when it stated in Nikki's Motion that Defendant "has not even sold any of the alleged infringing products to persons or businesses in Arizona," see Nikki's Motion at 2, or that the sale of the infringing products to Arizona was, as Plaintiff suggested in its Response, merely a matter of time, given the evident design of Defendant's own website for such sales.
[2] Many cases applying the test from *Calder* continue to refer to "purposeful availment" instead of "purposeful direction."

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

3

1    that Defendant's activities satisfy all three requirements of that test for specific
2    jurisdiction, assuming that the Court does not find Defendant's overall activities
3    sufficient to support general jurisdiction.

4        In situations involving intellectual property infringement, this Court has
5    recognized that "shipping a product to a state qualifies as purposeful direction under the
6    law of the Federal Circuit and if that product is the alleged infringing product, the first
7    two prongs of the specific jurisdiction text are met." *CSR Technology, Inc. v. Bandspeed,*
8    *Inc.,* CV -11-1948-PHX-GMS, 2012 WL 1150863 (D. Ariz., April 5, 2012) at *2
9    (citations omitted).  Therefore, this Court held in that case, that: "[s]ince the consumer
10   was able to purchase the product directly from Defendant by visiting Defendant's website
11   and clicking on the "buy now" link, the internet and whichever carrier Defendant used to
12   ship the product served as a distribution network, and the transaction provided the
13   minimum contacts necessary to satisfy the first two prongs of the test for specific
14   jurisdiction." *Id.* at *4.

15       The rule in the Ninth Circuit is no different. *See e.g., Stomp*, *Inc. v. NeatO,*  61
16   F.Supp.2d 1074 (C.D. Cal. 1999); *Park Inns International v. Pacific Plaza Hotels* 5 F.
17   Supp. 2d 762 (D. Ariz. 1998). In *Stomp, Inc. v. NeatO,* the court found sufficient
18   minimum contacts for specific jurisdiction when the defendant used its website as a
19   "virtual store" where "consumers [could] view descriptions, prices and pictures of
20   various products [and could] add items to their 'virtual shopping cart' and 'check out' by
21   providing credit card and shipping information," because the defendant, "by advertising
22   and offering its products for sale via the Internet, . . . placed its products into the stream
23   of commerce intending that they would be purchased by consumers with access to the
24   Web," even if few consumers actually purchased the products in the forum state. 61
25   F.Supp.2d 1074, 1077-79, n.7 (C.D. Cal. 1999). Likewise, in *Park Inns International v.*
26   *Pacific Plaza Hotels*, the court found minimum contacts because the defendant not only
27   operated an interactive website that infringed on the plaintiff's marks, but solicited
28   individuals in the state using such marks. 5 F. Supp. 2d at 764-766 (finding that

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

4

combined effect of operating an interactive website, conducting business solicitations through other channels in the forum, and using the infringing marks in the process represented tortious actions expressly directed to the forum state).

Here, the evidence confirms that Defendant is conducting business solicitations through channels directed at Arizona and selling (or, at least, facilitating the sale of) the infringing products to Arizona. As discussed in the Response and supported by the original Declaration of Joshua Kesselman filed as an Exhibit to the Response (the "Original Kesselman Declaration"), Defendant has deliberately and consistently placed the infringing products into the stream of commerce intending that they be purchased by consumers in Arizona and has structured its business to make the sale of those products to Arizona residents possible.  Not surprisingly, as the new evidence confirms, Defendant has, at a minimum, served as the fulfillment or distribution source for the sale of those same infringing products to Arizona.

Together, and contrary to Defendant's assertions, Defendant has purposefully directed its tortious activities to Arizona, where Plaintiff has its domicile and principal operations.  Therefore, the evidence of Defendant's activities satisfies the first and second requirements of the *Calder* test.

The third *Calder* requirement is also satisfied.   Under that requirement, **"foreseeable harm,"** a court looks at whether the defendant's conduct caused harm that the defendant knew was likely to be suffered in the forum. *Brayton Purcell*, 606 F.3d at 1131.  In that regard, the Ninth Circuit determined that a website, offering services that have "foreseeable effects' in the forum, satisfied the third requirement of the *Calder* test. *Id.*

The newly discovered evidence in this matter confirms that Defendant not only operates an active website, designed to send JUICY EJUICE products to customers in Arizona, but also has an online store on Defendant's website that is, and has been, designed to facilitate sales to residents of Arizona.  The new evidence indicates further that Defendant is (at the very least) fulfilling purchases of the infringing products by

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

5

Arizona residents, even when that purchase is made through the website of a co-defendant.

This arrangement is not an isolated arrangement or unexpected event.  As the Original Kesselman Declaration revealed, Defendant has enabled Arizona residents using the www.juicyejuice.com website to receive e-mail solicitations for the infringing products and Defendant has regularly sent those solicitations to a resident of Arizona.  Now, the newly discovered evidence reveals that Defendant has sent both purchases of the infringing products and regular e-mail solicitations for the sale of the infringing products to Arizona, where Plaintiff has its domicile and where it is being harmed by those actions.

The ultimate effect of these deliberate contacts with Arizona creates (and has resulted in) a foreseeable harm to Plaintiff, an Arizona limited liability partnership that has its principal place of business in Arizona.  Therefore, the new evidence confirms that Defendant knew that harm in Arizona was foreseeable, satisfying the third of the three prongs of the *Calder* test.

For the reasons set forth here and in the Response, the Plaintiff respectfully requests that the Court deny Nikki's Motion. If the Court needs additional evidence prior to determining whether personal jurisdiction may be exercised, in the alternative, Plaintiff requests that the Court allow Plaintiff to conduct further discovery regarding the Defendant's role in the sales of the infringing product, including those offered for sale through the website available at www.juicyejuice.com.

RESPECTFULLY SUBMITTED this 9th day of December, 2013.

GREENBERG TRAURIG, LLP


By: */s/ Frank G. Long*
    Frank G. Long
    Katherine V. Brown
    *Attorneys for Plaintiff BBK Tobacco &*
    *Foods, LLP, d/b/a HBI International*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

PHX 330975280v4

# CERTIFICATE OF SERVICE

☒   I hereby certify that on December 9, 2013, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

Garland A. Brown, Jr.
WEISS BROWN, PLLC
6263 N. Scottsdale Road, Suite 143
Scottsdale, AZ 85250

Christopher D. Payne
PAYNE LAW OFFICE
6263 N. Scottsdale Road, Suite 340
Scottsdale, AZ 85250

*Co-Counsel for Defendants Juicy eJuice, Vapour LTD, and OTC Productions, Inc.*

Eric E. Lynch
James J. Farley, II
MECKLER BULGER TILSON MARICK & PEARSON LLP
16220 North Scottsdale Road, Suite 270
Scottsdale, Arizona 85254

*Attorneys for Defendant Nikki's Vapor Bar, USA, Inc.*

☐   I hereby certify that on _____, 2013, I will serve the attached document by electronic mail and First Class United States Mail on the following, who are not registered participants of the CM/ECF System:

By: */s/ Linda Bullis*
Employee, Greenberg Traurig, LLP

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

PHX 330975280v4